**FILED**
**Oct 28, 2024**
**01:23 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| IAN-CHANEL PAYNE, | ) | Docket No. 2023-05-2463 |
| **Employee,** | ) | |
| v. | ) | |
| | ) | |
| SIGNET JEWELERS, | ) | State File No. 860156-2023 |
| **Employer,** | ) | |
| And | ) | |
| | ) | |
| XL SPECIALTY INSURANCE, | ) | Judge Dale Tipps |
| **Insurance Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

The Court held an Expedited Hearing on October 17, 2024. The issue was whether Ms. Payne is likely to prove at trial that her mental injury arose primarily out of her employment, entitling her to medical and temporary disability benefits. For the reasons below, the Court holds she did not meet this burden and denies the requested benefits.

### History of Claim

Ms. Payne worked as a sales associate for Signet Jewelers. In February 2023, her store manager, Kelly Sandlin, sent her an email with the subject line "Written warning of unprofessional behavior." Ms. Sandlin wrote that team members had reported statements made by Ms. Payne that made them uncomfortable. Before her shift began on March 3, Ms. Payne called Ms. Sandlin about the email.

Ms. Sandlin was off work that day, and she wanted to meet in person with everyone involved in the alleged behavior, so she asked Ms. Payne not to discuss the matter with her coworker, Storm Thomas, until they were all together. However, Ms. Payne did not follow this instruction. Instead, she confronted Ms. Thomas when she arrived at the store, which led to a verbal altercation.

Ms. Payne testified that Ms. Thomas yelled at her, cursed, and raised her fist. She characterized the incident as being bullied, threatened, and insulted in front of customers and other coworkers. She confirmed that Ms. Thomas did not actually touch her.

Ms. Sandlin testified that her regional manager called about the incident soon after it happened and asked her to go to the store to meet with Ms. Payne and Ms. Thomas. During that meeting, both employees again began yelling and stepped toward each other, leading Ms. Sandlin to step between them and escort Ms. Thomas to another room.

Both employees were sent home for the rest of the day, but neither was disciplined. Afterwards, Ms. Sandlin tried to minimize any potential conflict by scheduling them for different shifts. No further incidents occurred, and Ms. Payne was terminated for an unrelated reason.[1]

Ms. Payne admitted she had preexisting anxiety for which she treated with her primary physician, Dr. Jian Wei. However, she testified that her anxiety increased dramatically after the work incident, and she had to seek counseling in addition to the medications he prescribed. She requested temporary disability benefits for missed work and payment of her medical bills.

Signet contended that Ms. Payne was not entitled to any benefits because she was unlikely to prove that the incident was the primary cause of her increased anxiety.

## Findings of Fact and Conclusions of Law

Ms. Payne must show she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(c)(6) (2024); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Because she claims a mental injury not caused by a physical trauma, she must prove it (or any aggravation of an existing condition) arose primarily out of "an identifiable work-related event resulting in a sudden or unusual mental stimulus." Tenn. Code Ann. § 50-6-102(15). This stimulus must be "fright, shock, or excessive unexpected anxiety" that is "extraordinary and unusual." *Gatlin v. Knoxville*, 822 S.W.2d 587, 592 (Tenn. 1991).

Ms. Payne presented no proof that the altercation with Ms. Thomas was the type of sudden or unusual mental stimulus required by the statute. Instead, she described an event that was not unexpected, since she initiated the confrontation, despite being instructed not to. Further, arguments, even heated disputes, are not beyond the pale of common occurrences in the workplace. Shouting, cursing, and insults are unpleasant but do not

---

[1] The parties presented a considerable amount of evidence on the circumstances of Ms. Payne's termination, which might have bearing on her entitlement to temporary disability benefits. However, because of the Court's holding on the compensability threshold, it will not recount that proof here. The same is true of the medical proof.

automatically qualify as an unusual mental stimulus. This may be especially true when the employee claiming a mental injury instigates the event.

Without proof that the incident was "extraordinary and unusual," the Court cannot hold that Ms. Payne is likely to prove she suffered a mental injury arising primarily out of the work-related event, as required by section 50-6-102(15).

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Payne's claim against Signet Jewelers is denied at this time.

2. This case is set for a Scheduling Hearing on January 16, 2025, at 9:00 a.m. You must call at 855-874-0473. Failure to call might result in a determination of the issues without your further participation. All hearings are set using Central Time.

**ENTERED October 28, 2024.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:
1. Wage Statement
2. Form C-32 of Dr. Jian Wei
3. Transcript of Dr. Wei's deposition
4. Ms. Payne's Rule 72 Declaration
5. Absence from Work note signed by Dr. Wei
6. Ms. Payne's 2023 W-2 from Signet
7. Copies of text messages between Ms. Payne and her regional manager
8. Police case identification form
9. Summary of medical charges (identification only)
10. Counselling records from Agape (identification only)
11. March 16, 2023 progress note from Dr. Wei
12. Photographs of prescriptions
13. Copy of February 12, 2023 email from Ms. Sandlin to Ms. Payne

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on October 28, 2024.

| Name | U.S. Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Ian Payne, Employee | X | | X | 40 Whitsett Road Nashville, TN 37210 Chanel2001.ip@gmail.com |
| Gerard Jabaley, Employer's Attorney | | | X | gjabaley@wimberlylawson.com cc: aburge@wimberlylawson.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*